(59 South. 837.)

No. 19,535.

LEWIS et al. v. HARVEY et al.

In re LEWIS et al.

(Oct. 21, 1912.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—APPELLATE JURISDICTION—INCIDENTAL RELIEF.

Apart from the general rule that all courts have the jurisdiction necessary to the exercise of that specifically conferred by article 95 of the Constitution, as amended pursuant to Act No. 137 of 1904, in providing that "in all cases where there is an appeal from a judgment on a reconventional, *or incidental*, demand, the appeal shall lie to the court having jurisdiction of the main demand," confers jurisdiction on the Court of Appeal, where the main demand is for the recovery of a property interest valued at more than $100 and less than $2,000, and defendants, by way of exception, challenge the legal descent of plaintiffs from those under whom they claim, to determine the question of legitimacy, thus incidentally presented.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

Action by Paul Lewis, Jr., and others, against J. R. and W. M. Harvey, with Mrs. M. A. Jack and others as warrantors. From a judgment for defendants, plaintiffs appealed to the Court of Appeal.. The Court of Appeal ordered the case transferred to the Supreme Court, and the plaintiffs apply for certiorari or writ of review. Judgment set aside, with directions.

W. A. Wilkinson, of Coushatta, and C. Chaplin & Son, of Natchitoches, for applicants. Jack & Fleming and J. W. Jones, all of Natchitoches, for respondents.

MONROE, J. Paul Lewis, Jr., Lavinia Plauche, and Hector Rogers, claiming as the son and grandchildren, respectively, of Paul and Agnes Lewis, brought a petitory action for the recovery of an undivided half interest in a tract of land, which tract, they alleged, had been acquired by Paul and Agnes Lewis as community property, and which half interest had been inherited by them upon the death of Agnes Lewis in 1880. Defendants, J. R. and W. M. Harvey, joined by Mrs. W. H. Jack, their vendor, A. T. Mahaffey, her vendor, and H. and L. Jaffa, his vendors, after setting up title under Paul Lewis, alleged, by way of exception, that Paul and Agnes Lewis were never married, and hence that plaintiffs are not their lawful descendants. The exception was, by consent, referred to the merits in the trial court, and that tribunal gave judgment on the merits, rejecting plaintiffs' demands, from which judgment plaintiffs appealed to the Court of Appeal, Second circuit, which court held that the question of plaintiffs' capacity, or status, as legitimate descendants of their ancestors was not within its appellate jurisdiction, that the appeal was, therefore, improperly brought before it, and that the case should be transferred to this court, and thereupon plaintiffs made the application that we are now considering for relief.

The main object of the suit is the recovery of a property interest, the value of which is within the appellate jurisdiction of the Court of Appeal, and the question of the status of the plaintiffs has arisen merely incidentally.

Article 95 of the Constitution, as originally enacted, reads:

"In all cases where there is an appeal from a judgment rendered on a reconventional demand, the appeal shall lie to the court having jurisdiction of the main demand."

As amended, agreeably to Act No. 137 of 1904, the article reads:

"In all cases where there is an appeal from a judgment on a reconventional, *or incidental*, demand, the appeal shall lie to the court having jurisdiction of the main demand." (Italics by the court.)

Apart from the general rule (C. P. art. 130), that all courts have the jurisdiction necessary to the exercise of that specially conferred, we are of opinion that the ques-

tion here presented is governed by the above-noted amendment to the Constitution.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal, here complained of, be set aside, and that tribunal directed to proceed with the hearing and determination of all issues necessary to be decided in the case of Paul Lewis, Jr., et al. v. J. R. and W. M. Harvey.